**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Woodall, | No. CV-22-00583-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

On April 8, 2022, Plaintiff filed a complaint and an application for a fee waiver. (Docs. 1, 2.) On April 19, 2022, the Court issued an order granting Plaintiff's application for a fee waiver and dismissing his complaint with leave to amend. (Doc. 5.) The Court set a May 18, 2022 deadline for Plaintiff to file an amended complaint curing the defects identified in the Court's order. On April 27, 2022, Plaintiff filed a motion seeking clarification of the Court's dismissal order. (Doc. 6.) On May 5, 2022, the Court issued an order that elaborated on the reasons why Plaintiff's original complaint fails to state a claim to relief, and reiterating that Plaintiff may amend his complaint, if he so chooses, within the May 18 deadline. (Doc. 7.) On May 18, 2022, Plaintiff filed an amended complaint (Doc. 9), along with a motion asking the undersigned to recuse. (Doc. 8.)

The Court first will address Plaintiff's recusal motion. Recusal decisions are within the trial judge's sound discretion. *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985). There are two federal statutes that control when a federal judge should recuse.

The first, 28 U.S.C. § 144, provides that a judge shall recuse if the party seeking recusal submits a "timely and sufficient affidavit" which illustrates that the judge has a personal bias or prejudice towards a party.  The second, 28 U.S.C. § 455(b), provides that a judge shall recuse under a variety of circumstances, including if the judge has a personal bias or prejudice towards a party.  Unlike § 144, however, § 455(b) does not include the requirement of a timely and sufficient affidavit.  Furthermore, § 455(a) states that "a judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Thus, there are two reasons for granting a motion for recusal: (1) the judge has a personal bias or prejudice towards a party, §§ 144 and 455(b)(1), or (2) the judge's impartiality might reasonably be questioned, § 455(a).  "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1988).

Plaintiff argues that the undersigned should recuse because of "impropriety and bias," but the only examples of impropriety and bias Plaintiff provides are the undersigned's rulings in this case.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (internal citations omitted).  Though Plaintiff might be dissatisfied with the undersigned's rulings, the mere fact that the undersigned has issued adverse rulings is not, itself, evidence of bias or impropriety justifying recusal.  Plaintiff's recusal motion is denied.

Next, the Court must screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2).  Plaintiff purports to bring a claim under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 2000a, a provision of Title VI which prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation.  Plaintiff names as defendants the State of Arizona and the Arizona Secretary of State.  And he alleges that Defendants have violated federal law by not making non-English translations of state laws available in public libraries and on government websites.

Plaintiff's amended complaint does not cure the defects identified in the Court's prior orders.  In his original complaint, Plaintiff affirmatively alleged that he reads and speaks English.  The Court therefore concluded Plaintiff lacks standing to raise this claim because Plaintiff has not alleged that he, personally, has been harmed by the alleged unavailability of non-English translations of Arizona's laws.  Although Plaintiff has removed mention of his language fluency in his amended complaint, nowhere does he allege that he is unable to speak or read English.  And, it is obvious from this history of this case that Plaintiff is fluent in the English language.  Plaintiff cannot bring a lawsuit on behalf of all people who do not speak English if he is a fluent English speaker who is unharmed by the conduct alleged.

The Court gave Plaintiff an opportunity to amend his complaint to cure these deficiencies.  His amended complaint fails to do so, and the Court finds that further amendment would be futile because it is obvious that Plaintiff has not personally been harmed by the conduct of which he complains.  He, instead, is attempting to vindicate the putative rights of others, namely those who do not speak or read English.  For these reasons,

**IT IS ORDERED** that Plaintiff's recusal motion (Doc. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that, upon screening pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's amended complaint (Doc. 9) is **DISMISSED**.  The Clerk is directed to terminate this case.

Dated this 19th day of May, 2022.

Douglas L. Rayes
United States District Judge